Argued October 3, affirmed October 10, 1956

# CHADWICK *v.* LAKEVIEW MANUFACTURING COMPANY

301 P. 2d 1042

*Frank P. Santos,* Oregon City, argued the cause for appellant. With him on the brief were Glenn R. Jack and James O. Goodwin, Oregon City.

*Loyal H. McCarthy,* Portland, argued the cause for respondent. With him on the brief was William C. McCarthy, Portland.

Before WARNER, Chief Justice, ROSSMAN, BRAND, LUSK, PERRY and McALLISTER, Justices.

PER CURIAM.

Chadwick, the plaintiff and appellant, brought suit for the cancellation of his contract with the corporate defendant for the manufacture and sale of miscellaneous devices invented by plaintiff. The defendant corporation answered by counterclaim upon ten separate and legal causes of action predicated upon notes or accounts held by the defendant corporation. From a decree cancelling the contract between plaintiff and defendant and money judgments against plaintiff on defendant's counterclaims, the plaintiff appeals.

There is but one question for this court to resolve. It is derived from plaintiff's sole allegation of error, i. e., that "The trial Court sitting as a Court in Equity, erred in awarding judgment to defendant upon its counter-claims for the collection of promissory notes. * * * The pleading thereof did not constitute causes of suit or matters of equitable defense."

■ *Glaser et al. v. Slate Construction Co. et al.,* 196 Or 625, 251 P2d 441 is controlling and conclusive against the appellant. The rule as stated by appellant is correct, i. e., under the statute (ORS 16.310, formerly OCLA 9-114): "The counterclaim of the defendant in a suit shall be one upon which a suit might be maintained by the defendant against the plaintiff in the suit; * * *." In short, a claim in equity can only be counterclaimed by a claim in equity. But, as we are taught by the Glaser case, there is an exception when the defendant files a counterclaim which states a purely legal claim as here and objection to pleading a legal counterclaim is waived. (196 Or 631)

■ In the instant matter, the appealing plaintiff foreclosed his right to assert error on the point presently relied upon by waiving objection to defendant's

pleading. This is clearly manifest by the record, and also by appellant's corroborating confession in his brief, wherein he says: "It is true that appellant neither demurred to said counter-claims nor objected to the introduction of evidence thereunder."

Judgment affirmed.